The **CHESAPEAKE AND POTOMAC TELEPHONE COMPANY OF VIRGINIA, Plaintiff,**

v.

**PECK IRON & METAL CO., INC., et al., Defendants.**

**Civ. A. No. 3:92CV506.**

United States District Court, E.D. Virginia, Richmond Division.

April 14, 1993.

**ORDER**

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on the motion of Siskin Steel and Supply Company,

Inc. ("Siskin"), pursuant to Fed.R.Civ.P. 59(e), requesting that the Court alter or amend its Order of March 8, 1993 entering summary judgment against it. After thorough consideration of Siskin's motion and the evidence submitted in support thereof, the Court remains convinced that its decision to impose liability against Siskin is correct. Accordingly, Siskin's motion to alter or amend is DENIED.

■ The Court's rationale for imposing liability against Siskin was not set forth in detail in the Memorandum Opinion which accompanied the Court's March 8, 1993 Order 814 F.Supp. 1285. The Court was under the mistaken impression at that time, due to representations made in plaintiff's second motion for summary judgment, that Siskin was a *direct* seller to C & R Battery, and simply elected not to contest the imposition of liability against it. As it turns out, Siskin was actually an *indirect* seller to C & R Battery through an entity called Star Trading Company, Inc. ("Star Trading"). Accordingly, Siskin's liability should have been determined by reference to the principles articulated in the Court's March 11, 1993 Order and Memorandum Opinion adjudicating the liability of indirect sellers in this action. In the interest of fully developing the record as it relates to Siskin, the Court will herein engage in an analysis of Siskin's liability as an indirect seller.

The Court has held previously that indirect sellers which "knew, at the time of sale, that their batteries had been consigned to C & R" would be held liable in this action because "[t]here is no question that they *made the decision* to send their batteries there." *C & P Telephone Co. of Virginia v. Peck Iron & Metal Co.*, 814 F.Supp. 1293, 1300 (E.D.Va. 1993). Siskin is just such an entity. The Court has noted that it will "not absolve [such parties] of liability just because another party helped facilitate the transaction." *Id.*

Siskin's own documentation of its transaction with Star Trading cements its liability. In the record is a letter dated March 13, 1985 from Fred C. LaPore of Siskin to Star Trading confirming the sale of one truck load of locomotive batteries with the notation: "(TO BE PICKED UP BY C & R BATTERY, RICHMOND, VA)." This document demonstrates Siskin's actual knowledge that its batteries were headed for the C & R site.

■ Siskin characterizes its dealings with C & R as a "one-shot deal," apparently in an attempt to liken itself to the hypothetical driver, referred to by the Court in its March 11, 1993 Memorandum Opinion, who delivers one spent automobile battery to a service station, never to deal with it again. *See id.* at 1301, n. 11. Siskin obviously misconstrues this Court's holding. The Court indicated that it would not hold parties liable which dealt with C & R on just one occasion if they received only post-sale, post-transfer confirmatory documents memorializing the sale. This is because such entities cannot be said to have had actual or constructive knowledge of its batteries' ultimate destination *prior to* engaging in a transaction in which its batteries ultimately were shipped to the C & R site. It appears inequitable to hold a party liable which sent batteries to C & R just once, only learned of their destination *after* the batteries had left their premises, and decided never again to deal with the entity that shipped the batteries to C & R.

In this case, however, Siskin was on notice on March 13, 1985 that its batteries were destined for C & R Battery. According to the affidavit of counsel for Siskin, James W. Gentry, the batteries remained at Siskin Steel until March 26, 1985—a full 13 days later—when they were picked up by Builders Transport on behalf of C & R. Gentry Affidavit at para. 2. Thus, this was not a case where Siskin learned only after its batteries had been shipped out that they were going to wind up at the C & R site. It knew the batteries' destination almost two full weeks before they were ever picked up. In such a case of actual knowledge, the Court has never indicated that multiple dealings were required to justify the imposition of liability.

Thus, entry of partial summary judgment for joint and several liability against Siskin remains warranted, and Siskin's Rule 59(e) motion is DENIED. The Court CLARIFIES its previous holding, however, to base

324

Siskin's liability on its status as an indirect, as opposed to a direct, seller.

It is so ORDERED.